UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                               CRIMINAL NO. 3:19-CR-88-DPJ-LGI

CAMERON L. HICKMAN

ORDER

Defendant Cameron L. Hickman is charged with a single count of aggravated sexual assault of a minor younger than 12 years of age under 18 U.S.C. § 2241(c).  The case is set for a jury trial to begin June 22, 2022.  On June 7, 2022, the Government filed a Notice of Intention to use "Similar Crimes" and "Other Act" Evidence at Trial [42], invoking the provisions of Federal Rules of Evidence 414 and 404(b).  Hickman responded in opposition, urging the Court "to bar admission at trial of the evidence identified" by the Government.  Resp. [43] at 4.  During a telephonic status conference, the parties requested a pretrial ruling on the objection.  As explained below, Hickman's objection to the evidence is overruled.

I.      Facts and Procedural History

According to the Government, on March 8, 2019, law enforcement officers responded to a call at the home of Casey Wilson, who advised that she caught Hickman trying to have sex with her 11-year-old daughter.  An officer "had a brief conversation with the alleged victim," K.W., who both "confirmed what the officer had been told by [K.W.'s] mother" and said "that Hickman had 'done it before.'"  Notice [42] at 1.  The interaction was captured on the officer's body camera.  The following day, K.W. spoke with a nurse at Choctaw Health Center.  She "described the recent sexual abuse in detail and stated that Hickman had done this before 'a couple of years ago.'"  *Id.* at 2.  K.W. "provided the details of the previous incident," and the

nurse "documented K.W.'s statement regarding both events in [her] medical report." *Id.* Two days later, a certified forensic interviewer spoke with K.W., who, again, "stated that Hickman had done this to her before." *Id.*

II.     Analysis

The Government invokes Rules 414 and 404(b).  Rule 414

> supercede[s] in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b).  In contrast to Rule 404(b)'s general prohibition of evidence of character or propensity, the new rules for sex offense cases authorize admission and consideration of evidence of an uncharged offense for its bearing "on any matter to which it is relevant."  This includes the defendant's propensity to commit sexual assault or child molestation offenses[] and assessment of the probability or improbability that the defendant has been falsely or mistakenly accused of such an offense.

*United States v. McHorse*, 179 F.3d 889, 896 (10th Cir. 1999) (quoting 140 Cong. Rec. S12990-01 (daily ed. Sept. 30, 1994) (statement of Sen. Dole); 140 Cong. Rec. H8968-01, at H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari)); *accord United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018) ("Rule 414 modifies the ban on character evidence otherwise applicable under Rule 404 . . . .  [It] reflects a congressional judgment that . . . a blanket rule [against propensity evidence] is inappropriate when dealing with child[-]molestation offenses . . . ."). Thus, if the proffered evidence is admissible under Rule 414, the Court need not consider Rule 404(b).  *United States v. Butler*, No. 3:18-CR-179-TJC-MCR, 2021 WL 3088673, at *3 (M.D. Fla. July 22, 2021).

This approach is consistent with Rule 414's text, which states in relevant part:

> (a)  Permitted Uses.  In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant.
>
> . . . .
>
> (d) Definition of "Child" and "Child Molestation."  In this rule and Rule 415:

2

>      (1) "child" means a person below the age of 14; and
>
>      (2) "child molestation" means a crime under federal law or under state law . . . involving:
>
>>     (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;
>>
>>     . . . .
>>
>>     (C) contact between any part of the defendant's body—or an object—and a child's genitals or anus; [or]
>>
>>     (D) contact between the defendant's genitals or anus and any part of a child's body . . . .

Before admitting evidence under this rule, "the district court must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the defendant committed the other act and that it constituted" child molestation as defined by the rule. *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008) (examining similarly worded Rule 413); *see United States v. Bunty*, 617 F. Supp. 2d 359, 375 (E.D. Pa. 2008) ("[A] district court considering evidence under Rule 414 must decide whether a reasonable jury could find by a preponderance of the evidence that the past act was an 'offense of child molestation' under Rule 414(d)'s definition and that it was committed by the defendant.").

The statute under which Hickman is charged is contained within 18 U.S.C. chapter 109A, and K.W. is a "child" within the meaning of the rule. So, the question is whether "a jury could reasonably find by a preponderance of the evidence that the defendant committed the other act and that it constituted" child molestation, as that term is defined by Rule 414. *Dillon*, 532 F.3d at 387. Hickman says no such finding is possible because K.W.'s statements "lack[] specificity and [are] too broad." Resp. [43] at 2.

The Court could not fully consider that argument based on the Government's description of K.W.'s statements in its notice and follow-up memorandum. Accordingly, the Court asked

3

the Government to produce the relevant videos and reports for in-camera review. Those materials provide context for K.W.'s statement that Hickman had "done it before" and details of the alleged prior acts; a jury could therefore find, by a preponderance of the evidence, that Hickman committed another act of child molestation as defined by Rule 414(d)(2)(C) and/or (D). Hickman's argument that the statements lacked detail simply goes to weight, not admissibility. Similarly, K.W.'s statement to the forensic interviewer "that her mother did not believe her because she kept changing her story" goes to the evidence's weight rather than its admissibility under Rule 414. *Id.* at 3.

The final question is whether this otherwise admissible evidence should be excluded under Rule 403. *See United States v. Guidry*, 456 F.3d 493, 503 (5th Cir. 2006); *see also Spoor*, 904 F.3d at 154 & n.10 (holding, along with "the majority of circuits to have considered the issue," that that Rule 403 applies to character evidence admissible under Rule 414). Rule 403 states, in relevant part, that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." "In cases such as this, [the Fifth Circuit] ha[s] held that evidence of other sexual offenses committed by the defendant does not need to be similar in every respect to the charged offense." *United States v. Moore*, 425 F. App'x 347, 352 (5th Cir. 2011).

Here, the prior act is nearly identical to the act charged, and it is highly probative of Hickman's intent, propensity, modus operandi, and lack of mistake. And the evidence's probative value is not substantially outweighed by the risk of unfair prejudice. "Because of the similarity between [the charged act and the prior act,] there is no indication that the jury would be distracted or confused or induced to decide the case on an improper basis." *United States v. Bailes*, 665 F. App'x 340, 342 (5th Cir. 2016). The evidence will be "subject to cross-

examination and rebuttal, and the . . . [C]ourt [will] instruct[] the jury that [Hickman] c[an] be convicted only based upon the act[] alleged and the crime[] charged." *Id.*  Rule 403 does not require the evidence's exclusion.

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  As stated, Hickman's objection to the introduction of evidence of his prior act of child molestation is overruled.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE